IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,      :
                               :
v.                             :        Case No.: 06-050
                               :        J. Leon
SHERMAN L. BERRY, JR.          :        Pretrial Confr.: January 16, 2007
        Defendant.             :

### MOTION IN LIMINE REGARDING FRCP 404(b) EVIDENCE

Comes now, the defendant, SHERMAN L. BERRY, JR., and moves this Honorable Court to enter an order preventing the government from introducing any bad acts evidence concerning the defendant making false representations on a car loan credit application submitted on June 28, 2001 to Toyota Financial Services. The defendant's request is predicated on the Fifth Amendment, FRE 403, and FRCP 404(b). In support of which the defendant states the following:

1. The defendant is charged in a multi-count indictment charging seven felonies in connection with alleged fraudulent worker's compensation claims.

2. Upon information and belief the government intends to offer testimony concerning the defendant commission of a "bad act" in relation to him making false representations on a car loan credit application submitted on June 28, 2001 to Toyota Financial Services.

3. The Federal Rules of Evidence provide for certain exceptions to the general rule that character evidence is not admissible to prove conduct at trial. Rule 404(b) provides that:

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action and conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused the prosecution in a criminal case should provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial.

4. The United States Supreme Court has held that the Government is required, prior to submitting Rule 404(b) evidence to the jury, to demonstrate its probative value as part of its burden of proving the existence of essential facts upon which the relevance of the evidence hinges. Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 1499 (1988). Further, the Court stated that a trial court may admit evidence of extrinsic acts under Rule 404(b), provided "there is sufficient evidence to support a finding by the jury that the defendant committed the similar act." Id.

5. The United States Court of Appeals for the First Circuit has held that the use of 404(b) evidence is not limited to those uses listed in the rule, provided the trial court determines: (1) that the proffered evidence is relevant to some issue other than the issue of the defendant's character; and (2) that the evidence, if relevant, is not more prejudicial than probative. United States v. Walters, 904 F.2d 765, 768 (1st Cir. 1990); United States v. Fields, 871 F.2d 188, 196 (1st Cir. 1989), cert. denied, 110 S.Ct. 369 (1989); United States v. Flores-Perez, 849 F.2d 1, 4 (1st Cir. 1988).

6. The initial question facing the trial court is whether the proffered evidence is relevant to any issue other than illustrating the defendant's bad character.

United States v. Walters, 904 F.2d at 768. The Government may not offer evidence of a defendant's bad acts or other crimes for the purpose of showing criminal propensity or bad character. United States v. Johnson, 893 F.2d 451, 453 (1st Cir. 1990); United States v. Simon, 842 F.2d 552, 553 (1st Cir. 1988); United States v. Rubino Estrada, 857 F.2d 845, 847 (1st Cir. 1988).

7. Evidence is relevant if it has the tendency to make the existence of any fact that is of consequence to the resolution of the matter more probable or less probable than it would be without the evidence. Fed.R.Evid. 401; United States v. Walters, supra at 768.

8. In the instant case, the proffered evidence that the defendant submitted a false credit application is not probative of any issue to be decided by the jury.

9. Mr. Berry is charged with various counts related to his alleged filing of false worker's compensation claims. The alleged submission of a false credit application is not probative in any way of Mr. Berry's purported intent to create false medical treatment forms. Therefore, the evidence of the alleged false credit application should not be admissible at trial against Mr. Berry.

10. Assuming arguendo that this Court determines that such evidence has relevance to an issue to be decided by the jury, it is further submitted that any probative value of this evidence is outweighed by its prejudicial effect on the Defendant. If this evidence of other acts is relevant for a proper purpose under Rule 404(b), the district court must balance the probative value of the evidence against any danger to the Defendant of unfair prejudice. United

States v. Johnson, 893 F.2d at 453; United States v. Fields, 871 F.2d at 196; Fed.R.Evid. 403.

11. Certainly, if the Defendant was charged with credit card fraud or some other credit-related crime, the prejudicial effect of such evidence of other misconduct regarding credit application forms would be outweighed by its probative value.

12. However, in the instant case, the issue facing the jury does not relate to any alleged credit fraud related crimes committed by the Defendant. In fact, the real issue for the jury is whether the Defendant was in fact injured to the degree claimed and received the claimed medical treatment.

13. Therefore, the prejudicial effect of any alleged misconduct on the part of Mr. Berry in relation to a false credit application document would be substantial, given the distinct nature of the questions facing the jury and the distinct dissimilarity between the proffered 404(b) evidence and those issues.

Wherefore, the defendant moves this Honorable Court to enter an order preventing the government from introducing any 404(b) evidence regarding his submission of a false car loan credit application.

RESPECTFULLY SUBMITTED,
SHERMAN L. BERRY, JR.
By Counsel
Bynum & Jenkins, PLLC

_____
Robert L. Jenkins, Jr.
U.S. District Court Bar No. CO0003
901 North Pitt Street, Suite 320
Alexandria, VA 22314
7035497211