UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No. 1:06-CR-00050 (RJL) |
| v. | : |
| SHERMAN BERRY, | : |
| Defendant | : |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America hereby requests that the Court give the standard instructions listed below by name and number to the jury at the conclusion of the trial in this case. The government also requests that the Court give the instructions which are thereafter set forth in full and which pertain to the offenses charged in the indictment. The government respectfully seeks leave to make any additional requests for specific jury instructions that may become necessary in the event of any presentation of defense evidence or otherwise.

The following instructions are drawn from the Bar Association of the District of Columbia's Criminal Jury Instructions (4th Ed. Revised 2004) (The Red Book):

General Instructions

102A: Preliminary Instruction When Notetaking Is Permitted

103: Preliminary Instruction Before Trial

1.04: Stipulations of fact; judicial notice

1.07: Question Not Evidence

1.21: Preliminary Instruction Where Identity of Alternates Is Not Disclosed

1.22: A Juror's Recognition of A Witness or Other Party Connected to the Case

2.01: Function of Court

2.02: Function of Jury

2.03: Jury's Recollection Controls

2.04: Evidence in Case – Judicial Notice, Stipulations (if applicable)

2.05: Statements of Counsel

2.06: Indictment Not Evidence

2.07: Inadmissible and Stricken Evidence

2.08: Burden of Proof -- Presumption of Innocence

2.09: Reasonable Doubt

2.10: Direct and Circumstantial Evidence

2.11: Credibility of Witnesses

2.13: Number of Witnesses

2.14: Nature of Charges Not to be Considered

2.27: Right of Defendant Not to Testify (If Applicable)

2.28: Defendant as Witness (If Applicable)

2.51: (B) Other Crimes Evidence

2.54: Multiple Counts

2.71: Selection of Foreperson

2.72: Unanimity

2.73: Exhibits During Deliberations

2.74: Possible Punishment Not Relevant

2.75: Communication Between Court and Jury During Deliberations

2.76: Furnishing the Jury With a Copy of the Instructions

3.02: Proof of State of Mind

3.07: "On or About" – Proof of

4.05: Willfully Causing an Act to be Done

The government also requests the following particular instructions pertaining to the offenses charged in the indictment

**PROPOSED INSTRUCTION 1:**

**False Statements – Nature of the Offense**

Count One of the indictment charges that from on or about March 2, 1992 and continuing until the present date, in the District of Columbia, Defendant Sherman Berry knowingly and willfully concealed or covered up a material fact from an agency of the executive branch of the federal government, the Department of Labor, by causing bogus medical reports, including sham attending physician reports and sham letters from physicians, signed in the name of fictitious doctors, and false annual certifications to be received by the Department of Labor in support of a worker's compensation claim filed by Defendant Sherman Berry. Federal Jury Practice and Instructions (5th ed.), § 40.01 (modified).

**PROPOSED INSTRUCTION 2:**

**False Statements – Essential Elements of the Offense**

In order to sustain its burden of proof for the crime of knowingly and willfully falsifying, concealing, and covering up a material fact from an agency of the federal government as charged in Count One of the indictment, the government must prove the following five (5) essential elements beyond a reasonable doubt:

3

One: Defendant Sherman Berry knowingly concealed a fact by any trick, scheme or device as detailed in the indictment;

Two: Defendant Sherman Berry acted willfully in concealing the fact;

Three: The fact concealed by Defendant Sherman Berry was material to the Department of Labor;

Four: The subject matter involved was within the jurisdiction of the executive branch of the Government of the United States, specifically the Department of Labor; and

Five: Defendant Sherman Berry had a legal duty to disclose the fact concealed. Federal Jury Practice and Instructions (5th ed.), § 40.03 (modified).

The phrase "conceals or covers up by any trick, scheme, or device" means any deliberate plan or course of action, or any affirmative act, or any knowing omission designed to deceive others by preventing or delaying the discovery of information. Federal Jury Practice and Instructions (5th ed.), § 40.04.

A fact is "material" if it has a natural tendency to influence or to be capable of influencing the decision of the decision maker to which it was addressed. Federal Jury Practice and Instructions (5th ed.), § 40.07.

A person acts "willfully," as that term is used in these instructions, when that person acts deliberately, voluntarily, and intentionally. Federal Jury Practice and Instructions (5th ed.), § 40.014.

**PROPOSED INSTRUCTION 3:**

**False Statements to Obtain Federal Employee's Compensation – Nature of the Offense**

Counts 5 through 7 charge that on March 28, 2003, March 25, 2004, and September 7, 2005, Sherman Berry, in connection with the receipt of federal worker's compensation benefits, knowingly and willfully made false and fraudulent statements that no improvement in his medical condition had occurred to conceal and cover up the fact that he was not disabled and unemployable. Federal Jury Practice and Instructions: Pattern Jury Instructions, Eleventh Circuit, 65 (2003) (modified).

**PROPOSED INSTRUCTION 4:**

**False Statements to Obtain Federal Employee's Compensation – Essential Elements of the Offense**

Defendant Sherman Berry is charged with three counts of knowingly and willfully making a false statement in connection with receipt of federal worker's compensation benefits. The defendant can be found guilty of these counts only if all the following facts are proved beyond a reasonable doubt:

One: That the Defendant knowingly and willfully made a false statement or report to the Department of Labor, Office of Workers' Compensation Programs, as charged;

Two: That the false statement or report was made in connection with receipt of, Federal Workers' Compensation Benefits; and

Three: That the false statement or report related to a material fact.

A statement or report is "false" when made if it is untrue, and is then known to be untrue by the person making it.

A fact is "material" if it is important to any decision to be made by the officers or employees of the Department of Labor, Office of Workers' Compensation Programs, and has the capacity of influencing them in making that decision. It is not necessary, however, for the Government to prove that the Department of Labor, Office of Workers' Compensation Programs was, in fact, influenced or misled. The gist of the offense is an attempt to influence that agency by willfully making a false statement or report concerning a material matter. Federal Jury Practice and Instructions: Pattern Jury Instructions, Eleventh Circuit, 65 (2003) (modified).

**PROPOSED INSTRUCTION 5:**

**Wire Fraud – Nature of the Offense**

Counts Two Through Four of the indictment charges that from on or about March 2, 1992, and continuing to the present date, in the District of Columbia and elsewhere, Defendant Sherman Berry knowingly devised a scheme or plan to defraud the United States government by means of false pretenses and representations, and thereafter used a wire communication facility in interstate commerce in order to, in some fashion, advance or further the scheme or plan to defraud. The general nature of the scheme or plan to defraud as alleged in the indictment is that Sherman Berry enriched himself by obtaining and then continuing to receive worker's compensation benefits from the United States Government by fraud. Federal Jury Practice and Instructions (5th ed.), § 47.05.

**PROPOSED INSTRUCTION 6:**

**Wire Fraud - - Essential Elements of the Offense**

In order to sustain its burden of proof for the crime of using a wire communication in interstate commerce to further a scheme or plan to obtain money by means of false or

fraudulent pretenses and representations as charged in Counts two through four of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One: Sherman Berry knowingly devised or knowingly participated in a scheme or artifice to obtain money or property by means of material false or fraudulent pretenses, representations, or promises as detailed in Counts One Through Four of the indictment;

Two: Sherman Berry did so with the intent to defraud; and

Three: In advancing, or furthering, or carrying out this scheme to obtain money or property by means of false or fraudulent pretenses, representations, or promises, Sherman Berry transmitted any writing, signal, or sound by means of a wire communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire communication in interstate commerce. Federal Jury Practice and Instructions (5th ed.), § 47.07; United States v. Lemire, 720 F.2d 1327, 1334-1335 (D.C. Cir. 1983) (modified).

The phrase "transmits by means of wire communication in interstate commerce" means to send to or from the District of Columbia or to or from a state by means of telephone, facsimile or "fax," or telegraph line.

The phrase "transmits by means of wire communication in interstate commerce" includes the wire transfer of money from a bank in the District of Columbia to another business outside of the District of Columbia or vice versa. United States v. Strickland, 935 F.2d 822, 828 (7$_{th}$ Cir. 1991) (approving similar instruction). It also includes a facsimile or "fax" transmission to or from the District of Columbia to or from another state.

The use of a wire communication in interstate commerce is an essential element of the offense of wire fraud as charged in Counts Two through Four of the indictment. The

government need not prove that the defendant actually used a wire communication in interstate commerce or that the defendant even intended that anything be transmitted in interstate commerce by means of a wire communication. The government must prove beyond a reasonable doubt, however, that a transmission by a wire communication in interstate commerce was, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud or obtain money by means of false or fraudulent pretenses, representations, or promises. The government must also prove that the use of wire communication in interstate commerce would follow in the ordinary course of business or events or that the use of the wire communication in interstate commerce by someone was reasonably foreseeable.

It is not necessary for the government to prove that the information transmitted by means of wire communication in interstate commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise, or contained any request for money or thing of value.

The government must prove beyond a reasonable doubt, however, that the use of wire communication in interstate commerce furthered, or advanced, or carried out, in some way, the scheme or plan to defraud to obtain money by means of false or fraudulent pretenses, representations, or promises. Federal Jury Practice and Instructions (5th ed.), Section 47.08.

**PROPOSED INSTRUCTION 7:**

**"Any Scheme or Artifice to Defraud" and "False or Fraudulent Pretenses, Representations or Promises" – Defined**

The phrase "any scheme or artifice to defraud" and "any scheme or artifice for obtaining money or property" means any deliberate plan of action or course of conduct by which

someone intends to deceive or to cheat another or by which someone intends to deprive another of something of value.

The term "false or fraudulent pretenses, representations, or promises" means a statement or an assertion which concerns a material or important fact or a material or important aspect of the matter in question and that was either known to be untrue at the time that it was made or used, or that was made or used with reckless indifference as to whether it was, in fact, true or false, and made or used with the intent to defraud.

A material fact is a fact that would be of importance to a reasonable person in making a decision about a particular matter or transaction.

The term "false or fraudulent pretenses, representations, or promises" includes actual, direct false statements as well as half-truths, and includes the knowing concealment of facts that are material or important to the matter in question and that were made or used with the intent to defraud.

It is not necessary for the government to prove that the defendant was actually successful in defrauding anyone or successful in obtaining money or property by means of false or fraudulent pretenses, representations, or promises. It is not necessary for the government to prove that anyone lost any money or property as a result of the scheme or plan to defraud or scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

An unsuccessful scheme or plan to defraud or scheme or plan to obtain money by means of false or fraudulent pretenses, representations, or promises is as illegal as a scheme or plan that is ultimately successful. Federal Jury Practice and Instructions (5th ed.), § 47.13

Each separate use of the interstate wire communication facilities in furtherance of the scheme to defraud constitutes a separate offense. Fifth Circuit, Pattern Jury Instructions (1990 ed.), Section 2.55.

**PROPOSED INSTRUCTION 8:**

**Causing an Act to be Done**

You may find the defendant guilty of any of the offenses charged in the indictment without finding that he personally committed each of the acts constituting the offense or was personally present at the commission of the offense. A defendant is responsible for an act which he willfully causes to be done if the act would be criminal if performed by him directly or by another. To "cause" an act to be done means to bring it about. You may convict the defendant of the offense charged if you find that the government has proved beyond a reasonable doubt each essential element of the offense and that the defendant willfully caused such an act to be done, with the intent to commit the crime. Red Book Instruction 4.05

        Respectfully submitted,
        JEFFREY A. TAYLOR
        United States Attorney

By:   /S/ ATTORNEY'S TYPED SIGNATURE
        Glen Donath, D.C. Bar No. 460582
        Assistant United States Attorney
        Fraud & Public Corruption Section
        555 Fourth Street, N.W., Room 5832
        Washington, D.C.  20530
        (202) 514-9555