IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 06-050 |
| | : | J. Leon |
| SHERMAN L. BERRY, JR. | : | Trial: January 29, 2007 |
| Defendant. | : | |

**<u>MOTION IN LIMINE REGARDING OBSTRUCTION OF JUSTICE EVIDENCE</u>**

Comes now, the defendant, SHERMAN L. BERRY, JR., and moves this Honorable Court to enter an order preventing the government from introducing any evidence regarding the defendant's alleged attempts to obstruct justice/witness tampering. The defendant request is predicated on the Fifth Amendment, FRE 403, and FRCP 404(b).  In support of which the defendant states the following:

1.  The defendant is charged in a multi-count indictment charging seven felonies in connection with alleged fraudulent worker's compensation claims.

2.  Upon information and belief the government intends to offer testimony an allegation that the defendant has attempted to obstruct justice in this matter by persuading a witness to testify falsely. Specifically, the government may attempt to introduce evidence that the defendant attempted to convince Joseph Cherry to testify falsely in this matter.

3.  The Federal Rules of Evidence provide for certain exceptions to the general rule that character evidence is not admissible to prove conduct at trial. Rule 404(b) provides that:

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action and conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused the prosecution in a criminal case should provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial.

4. The United States Supreme Court has held that the Government is required, prior to submitting Rule 404(b) evidence to the jury, to demonstrate its probative value as part of its burden of proving the existence of essential facts upon which the relevance of the evidence hinges. Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 1499 (1988). Further, the Court stated that a trial court may admit evidence of extrinsic acts under Rule 404(b), provided "there is sufficient evidence to support a finding by the jury that the defendant committed the similar act." Id.

5. The United States Court of Appeals for the First Circuit has held that the use of 404(b) evidence is not limited to those uses listed in the rule, provided the trial court determines: (1) that the proffered evidence is relevant to some issue other than the issue of the defendant's character; and (2) that the evidence, if relevant, is not more prejudicial than probative. United States v. Walters, 904 F.2d 765, 768 (1st Cir. 1990); United States v. Fields, 871 F.2d 188, 196 (1st Cir. 1989), cert. denied, 110 S.Ct. 369 (1989); United States v. Flores-Perez, 849 F.2d 1, 4 (1st Cir. 1988).

6. FRCP 404(b) requires the government to provide reasonable notice of its intention to introduce evidence of uncharged bad acts committed by the defendant.

7. First, this evidence should be barred because "reasonable notice" as required by FRCP 404(B). The government failed to meet requirement. On January 16, 2007, counsel for the government informed this Honorable Court and the defense about the existence of the disputed allegations. At that time the government did not file the required notice concerning its intention to introduce said evidence. In fact, counsel for the government failed to advise this Honorable Court or defense counsel in any way of its intention to introduce such evidence.

8. On January 25, 2007, less than 2 business days before the beginning of trial in this matter counsel for the government advised defense counsel orally that he "may" seek to introduce such evidence at trial.

9. To allow the government to introduce this evidence would deny the defendant due process as guaranteed by the 5th Amendment to the U.S. Constitution.

10. Second, the government should be barred from introducing such evidence because it is not relevant to any issue relative to the defendant's guilt.

11. Evidence is relevant if it has the tendency to make the existence of any fact that is of consequence to the resolution of the matter more probable or less probable than it would be without the evidence. Fed.R.Evid. 401; United States v. Walters, supra at 768.

12. In the instant case, the proffered evidence that the defendant attempted to persuade a witness to testify falsely is not probative of any issue to be decided by the jury.

13. Third, assuming <u>arguendo</u> that this Court determines that such evidence has relevance to an issue to be decided by the jury, it is further submitted that any probative value of this evidence is outweighed by its prejudicial effect on the Defendant. If this evidence of other acts is relevant for a proper purpose under Rule 404(b), the district court must balance the probative value of the evidence against any danger to the Defendant of unfair prejudice. <u>United States v. Johnson,</u> 893 F.2d at 453; <u>United States v. Fields,</u> 871 F.2d at 196; Fed.R.Evid. 403.

Wherefore, the defendant moves this Honorable Court to enter an order preventing the government from introducing any 404(b) evidence regarding his submission of a false car loan credit application.

```
RESPECTFULLY SUBMITTED,
SHERMAN L. BERRY, JR.
By Counsel
Bynum & Jenkins, PLLC
```

_____
Robert L. Jenkins, Jr.
U.S. District Court Bar No.:  CO0003
901 North Pitt Street, Suite 320
Alexandria, VA  22314
7035497211