UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No. 1:06-CR-00050 (RJL) |
| v. | : |
| SHERMAN BERRY, | : |
|     Defendant | : |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OBSTRUCTION OF JUSTICE**

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits its Opposition to Defendant's Motion in Limine to exclude evidence of defendant's efforts to persuade a witness to testify falsely at trial.

Defendant's motion incorrectly describes this evidence as falling within the ambit of Rule 404(b) of the Federal Rules of Evidence. Evidence of this nature, which falls within the general rubric of obstruction of justice evidence, is relevant independent of Rule 404(b) because it constitutes evidence relating to defendant's consciousness of guilt. As such, it constitutes an admission by defendant and is admissible for that independent reason. For example, in United States v. Perholtz, 842 F.2d 343 (D.C. Cir. 1988), the court held that evidence of a "script" prepared by one co-conspirator for use by another at trial was not 404(b) evidence, as the defendant had argued, because "the evidence was not offered to prove that the defendants are persons of bad character and thus predisposed to commit the crime." Id. at 357-58. Rather, the evidence "demonstrate[d] conscious awareness of guilt on the part of the defendants." Id. at 358. See also United States v. Alberti, 470 F.2d 878, 881 (2d Cir. 1972) ("[E]vidence of conduct designed to impede or prevent a witness from testifying is admissible as consciousness of guilt," and not evidence of "collateral crimes with which [defendant] was never charged.").

However such evidence is characterized, courts in this jurisdiction and elsewhere have routinely admitted evidence of witness intimidation and obstruction of justice because it constitutes proof of a defendant's consciousness of guilt. See, e.g., United States v. Simmons, 431 F. Supp.2d 38, 68 (D.D.C. 2006) (Lamberth, J.) (" Whether defendants engaged in witness intimidation is certainly relevant, both to their participation in a conspiracy alleged to have obstructed justice and as evidence of consciousness of guilt"); U.S. v. Turner, 485 F.2d 976, 983 (D.C. Cir. 1973) (quoting McCormick on Evidence § 273 at 660 (2d ed. 1972) (a defendant's "misconduct constituting obstruction of justice prior to trial is commonly regarded as an admission by conduct. By resorting to wrongful devices he is said to give ground for believing that he thinks his case is weak and not to be won by fair means."); id. at 985 n.3 (quoting with approval State v. Minton, 234 N.C. 716 (1952) ("An attempt by an accused to induce a witness to testify falsely in his favor may be shown against him. Such conduct indicates a consciousness on his part that his cause cannot rest on its merits, and is in the nature of an admission that he is wrong in his contention before the court"); United States v. Brashier, 548 F.2d 1315, 1325 (9th Cir. 1976) (evidence that defendant instructed witness to give misleading testimony during SEC investigation relevant to show consciousness of guilt).  See generally 22 Federal Practice and Procedure § 5178 at n.4 (citing cases).

Because defendant's effort to persuade the juvenile witness to testify falsely at trial demonstrate defendant's consciousness of guilty, the evidence should be admissible at trial,

and defendant's motion to exclude such evidence should be denied.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney

By:   /S/ ATTORNEY'S TYPED SIGNATURE
       Glen Donath, D.C. Bar No. 460582
       Assistant United States Attorney
       Fraud & Public Corruption Section
       555 Fourth Street, N.W., Room 5832
       Washington, D.C. 20530
       (202) 514-9555