**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : **Criminal No. 1:06-CR-00050 (RJL)** |
| | : |
| v. | : |
| | : |
| **SHERMAN BERRY,** | : |
|       **Defendant** | : |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION TO SET CONDITIONS OF RELEASE**

      The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits its Opposition to Defendant's Motion to Set Conditions of Release. In his motion, defendant asks the Court to revoke the Order of Detention and allow him to be released under the supervision of the Pretrial Services Agency pending sentencing. Defendant also attaches to his motion a letter from his mother, Elizabeth Cherry, in which Ms. Cherry states that if defendant were to be released, he would not reside at the same residence as Joseph Cherry.

      Defendant should remain detained until the sentencing hearing on April 27, 2007. The Court did not order defendant's pretrial detention lightly. Rather, the Court only ordered defendant detained after hearing testimony from Joseph Cherry; specifically, that within weeks of the trial, defendant had urged Mr. Cherry – a juvenile – to perjure himself at trial and renounce his grand jury testimony. The Court also heard testimony that defendant had behaved violently toward Mr. Cherry repeatedly in the past. The Court found probable cause that defendant had obstructed justice by attempting to influence Mr. Cherry's testimony, and ordered defendant detained both for that reason as well as for Mr. Cherry's protection.

The reasoning underlying the Court's pretrial detention Order applies with even greater force now that defendant has been convicted of multiple felonies and awaits sentencing. The government believes defendant will face a likely sentence under the voluntary Sentencing Guidelines of between 37 and 46 months of incarceration.[1] Given that defendant obstructed justice and behaved violently in the past toward Mr. Cherry when he had not yet been convicted of any offense, his motivation for acting violently toward Mr. Cherry would only be aggravated now that defendant faces a 3-4 year Guidelines sentence and Mr. Cherry, in defendant's eyes, contributed to that result by testifying against defendant at trial. Moreover, Mr. Cherry's testimony included not only testifying about defendant's physical condition, but also recounting defendant's recent effort to persuade Mr. Cherry to give false testimony at trial. Defendant's anger and motivation to retaliate against Mr. Cherry therefore may be particularly intense.

Ms. Cherry's assurance to the Court that defendant and Mr. Cherry will not be in contact should defendant be released pending sentencing should not affect the Court's analysis. Defendant's residence at 1302 Darlington Street in Forestville is only a few blocks from Mr. Cherry's residence, and Ms. Cherry simply cannot vouch for defendant, particularly in light of defendant's flagrant violation of his previous conditions of release through his obstruction of justice.

---

[1] Insofar as defendant will likely be credited with the time he is presently serving against any sentence of incarceration he may receive, his prejudice from pre-sentence detention is substantially mitigated.

Accordingly, defendant's motion should be denied.

> Respectfully submitted,
>
> JEFFREY A. TAYLOR
> United States Attorney
>
> By:   /S/ ATTORNEY'S TYPED SIGNATURE
> Glen Donath, D.C. Bar No. 460582
> Assistant United States Attorney
> Fraud & Public Corruption Section
> 555 Fourth Street, N.W., Room 5832
> Washington, D.C. 20530
> (202) 514-9555