UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:06-0050-RJL |
| v. | : | |
| SHERMAN L. BERRY, | : | |
| Defendant | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing.

The government respectfully submits that defendant should receive a sentence within the Sentencing Guidelines range as indicated in the Presentence Investigation Report, as there are no factors that would warrant a downward departure, and none of the factors set forth in 18 U.S.C. § 3553(a) indicate that defendant should receive a sentence lesser than the one prescribed by the Sentencing Guidelines. Moreover, the government respectfully requests that the Court order defendant to pay restitution to the government in the amount of $290,000.

1. **Defendant's High Level of Fraudulent Intent.**

As set forth by the evidence presented at trial, defendant defrauded the United States for 15 years. Defendant's fraud was intricate and continuously perpetrated. Defendant regularly submitted fraudulent medical paperwork during that time period. He also presented himself to doctors and representatives from the government as being totally disabled, even going so far as to walk with a limp and use a cane and open-toed shoe, when testimony and videotaped surveillance revealed that defendant walked normally when he did not meet with representatives

from the government.  The Court also heard evidence that defendant was rude and hostile to vocational rehabilitation workers who attempted to assist him in finding suitable employment.  Because of his fraud, defendant did no work of any kind for the past 15 years.[1]

Furthermore, as set forth at trial, defendant took advantage of a generous federal program that treated him with deference and respect.  Because of the volume of federal workers that receive federal employees' compensation, it is impossible for the people who administer the worker's compensation program to determine whether the factual assertions in each claimant's submissions are true and accurate.  Defendant recognized that reality, and abused the trust of honest federal workers by taking advantage of their good faith.  In order to deter future fraud on the Office of Worker's Compensation Programs, the government submits that defendant should receive a Guidelines sentence.

2. **Defendant's Obstruction of Justice.**

The Court heard evidence before trial, and the jury heard the same evidence during trial, that defendant obstructed justice before the trial by attempting to influence the testimony of a juvenile witness.  Defendant instructed Joseph Cherry to testify falsely that defendant walked with a cane and limped, and defendant urged Mr. Cherry to renounce his grand jury testimony in which Mr. Cherry stated that defendant walked normally.  The Court further heard evidence that defendant often behaved violently toward Mr. Cherry in the past, and that

---

[1] In addition to the fraud in the instant case, the Court heard evidence at trial that defendant made multiple false statements in connection with an application for a car loan to purchase an expensive 2001 Toyota Tundra.  In that application, defendant stated falsely that he was still employed by the Treasury Department; that his girlfriend was his supervisor; that his monthly income was almost three times the amount he actually received; and that he owned his residence, when in fact his mother was the sole owner.  Moreover, as indicated in the Presentence Report, defendant has not filed income tax returns in at least the last four years.

defendant's attempt to influence Mr. Cherry's testimony was therefore fraught with the threat of violence. Defendant himself admitted in open court that he used to beat Mr. Cherry. As the Court has already found probable cause to believe that defendant obstructed justice with respect to his attempt to influence Mr. Cherry's testimony, the government respectfully submits that defendant should receive the two-point enhancement for obstruction of justice as reflected by the Presentence Investigation Report.

    3.    **Lack of Mitigating Factors.**

Defendant committed the lengthy fraud in this case simply because he wanted to be paid for not working. Defendant cannot maintain that his behavior resulted from the trauma of a difficult background. Rather, defendant described his childhood to the author of the Presentence Report as "blessed and beautiful," and "free of any instances of abuse or trauma." Nor does defendant suffer any mental health problems. Defendant alone is responsible for his lengthy and intricate fraud.

    4.    **Sentencing Recommendation.**

Based on the aforementioned factors, the government respectfully requests that defendant receive a sentence within the Guidelines range of 33 to 41 months imprisonment, and that defendant be ordered to pay restitution to the United States of $290,000.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney


BY:    /s/ ATTORNEY'S TYPED SIGNATURE
        GLEN DONATH, D.C. Bar No. 460582
        Assistant United States Attorney
        Fraud & Public Corruption Section
        555 4th St., N.W.
        Washington, D.C. 20530
        (202) 514-9555