IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 06-050(RJL) |
| | : | Sentencing: April 27, 2007 |
| SHERMAN L. BERRY, JR. | : | |
|    Accused. | : | |

**DEFENDANT'S POSITION ON SENTENCING FACTOR**

Comes now the defendant and files his position on sentencing factors in accordance with the rules of this Court and the United States Sentencing Guidelines.

**I.    Legal Background**

In *Apprendi v. New Jersey*, the United States Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt. 530 U.S. 466, 490 (2000). In *Blakely v. Washington*, the Supreme Court addressed circuit disputes on the applicability of *Apprendi* and made it clear "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S.   , (2004).

In *Blakely* the Supreme Court specifically held that because the facts supporting petitioner's exceptional sentence were neither admitted by the petitioner nor found by the jury, the sentence violated the petitioner's Sixth Amendment right to trial by jury. In *Booker* and *Fanfan*, the Supreme Court held that the Sixth Amendment as construed in *Blakely* applies to the Sentencing Guidelines. 125 S. Ct. at 746, 160 L. Ed. 2d 621 (2005). As a consequence the federal sentencing guidelines are now advisory.

**II.     The Advisory Guidelines**

The defendant has reviewed the presentence investigative report and does not object to any fact used to calculate the advisory guideline range.

**III.    Sentencing Factors Under 18 USC 3553(a)**

In light of *Booker* the Court is must look to 18 USC 3553(a) to determine whether the advisory guideline range is appropriate. Specifically, 18 USC 3553(a) notes:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)  the need for the sentence imposed—
>      (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>      (B)  to afford adequate deterrence to criminal conduct;
>      (C)  to protect the public from further crimes of the defendant; and
>      (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3)  the kinds of sentences available;
> (4)  the kinds of sentence and the sentencing range established for—
>      (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or
>      (B)  in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

      (5)      any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

      (6)      the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

      (7)      the need to provide restitution to any victims of the offense.

The defendant submits an application of the aforementioned sentencing factors to the case a bar warrants a sentence at the low end of the advisory guidelines range.

### III. The Case At Bar

The advisory guidelines call for a sentence between 33-41 months to life. The range is predicated on the defendant being treated as a criminal history I. A sentence at the low end this range would adequately satisfy the sentencing goals of 3553. A sentence at the low end is also particularly appropriate given the defendant's lack of prior convictions, age, and serious health conditions.

In the case at bar, the defendant stands convicted of a non-violent offense. It is his first criminal conviction of any kind. He has live 51 years without being convicted of any crime. His lack of criminal history should weigh heavily on this Court. It certainly supports a sentence at the low end of the range.

The Court is well familiar with the facts supporting Mr. Berry's convictions. Aside from those facts relevant to his guilt the Court also heard substantial evidence concerning Mr. Berry's advanced health conditions. He suffers from hypertension and diabetes. As a consequence a period of incarceration even at the low end would represent a particular hardship to him. The defendant respectfully requests that these factors be taken into consideration in evaluating the appropriate sentence in this matter.

**IV.     Conclusion**

       Wherefore the defendant respectfully moves this Honorable Court to sentence him to the low end of the advisory guideline range.

RESPECTFULLY SUBMITTED,
SHERMAN L. BERRY, JR.
By Counsel
BYNUM & JENKINS, PLLC


_____/s/_____
ROBERT L. JENKINS, JR.
U.S. District Court Bar No. CO0003
901 North Lee Street, #320
Alexandria, VA  22314
703 549 7211
Counsel for the Accused

4